UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

EL PASO DIVISION

| | | |
|---|---|---|
| DAVID SANTIAGO RENTERIA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CAUSE NO. 3:15-cv-00062-FM |
| | § | |
| | § | |
| LORIE DAVIS, Director, Texas | § | |
| Department of Criminal Justice, | § | |
| Institutions Division, | § | CAPITAL HABEAS CASE |
| | § | |
| Respondent. | § | |

## UNOPPOSED MOTION TO APPOINT AS CO-COUNSEL

## THE FEDERAL PUBLIC DEFENDER,

## CAPITAL HABEAS UNIT

TO THE HONORABLE FRANK MONTALVO, UNITED STATES DISTRICT
JUDGE:

COMES NOW Petitioner DAVID SANTIAGO RENTERIA, by and through

undersigned counsel, and pursuant to 18 U.S.C. § 3599(a)(2), moves this Court to appoint

the Federal Public Defender as co-counsel with the understanding that the case will be

assigned to her Capital Habeas Unit ("CHU"). This Motion is based on the files and records

in this case and the following points and authorities.

### I.  BACKGROUND

#### A.  RELEVANT FACTS

Mr. Renteria was sentenced to death by the State of Texas in El Paso County. On

March 30, 2015, this Court found Mr. Renteria indigent and appointed two attorneys—

Michael Wiseman and Melissa Franklin—to represent him pursuant to 18 U.S.C. § 3599(a)(2). Order (Doc. 3) at 3. On August 2, 2016, this Court granted Ms. Franklin's motion to withdraw. Order (Doc. 64). On October 17, 2016, this Court granted Mr. Renteria's motion to appoint attorney Kate Pumarejo in place of Ms. Franklin. Order (Doc. 67).

The Court of Appeals denied a Certificate of Appealability on May 21, 2020.  Timely Petitions for Rehearing and Rehearing *En Banc* were filed and denied on July 14, 2020.

On June 2, 2020, Ms. Pumarejo moved to withdraw from the case when it was still before the Court of Appeals for the Fifth Circuit as a result of her having taken employment that precluded her work on other matters. Ex. A. That withdrawal motion was granted on June 30, 2020. Ex. B. Ms. Pumarejo was a full partner in the litigation of this case. She engaged in legal research and writing in this Court and in the Fifth Circuit.

Mr. Renteria continues to be represented by Mr. Wiseman. Mr. Wiseman will be submitting a *Petition for Certiorari* to the United States Supreme Court.  If needed, he will also be working on a future clemency application.

### B.  RELEVANT PROCEDURAL HISTORY

On December 14, 2015, Mr. Renteria timely filed a petition for writ of habeas corpus challenging the state court's judgment. Doc. 53. On February 13, 2019, this Court entered judgment denying Mr. Renteria's petition and denying a certificate of appealability.

As noted, Mr. Renteria timely appealed, and, on May 21, 2020, the Court of Appeals for the Fifth Circuit denied a certificate of appealability and affirmed this Court's denial of funding. Doc. 130. The mandate issued with the decision. *Id.*

Mr. Renteria plans to petition the Supreme Court to review the Fifth Circuit's decision and to seek such other remedies as may be available to him.

## II. STATUTORY AUTHORITY

Section 3599(a)(2) of Title 18 provides that a person pursuing post-conviction relief from a death sentence imposed by a state court "shall be entitled to the appointment of one or more attorneys" and other resources. *See Martel v. Clair*, 565 U.S. 648, 659-60 (2012).

Section 3599(e) of Title 18 both provides that counsel appointed after judgment are obligated to continue under that appointment through any clemency proceedings, *Wilkins v. Davis*, 832 F.3d 547, 557-58 (5th Cir. 2016), and provides "that an attorney appointed under that provision may be 'replaced by similarly qualified counsel upon the attorney's own motion or upon the motion of the defendant.'" *Clair*, 565 U.S. at 657 (quoting statute); *Christeson v. Roper*, 574 U.S.___, 135 S. Ct. 891, 894 (2015) (§ 3599(e) "contemplates that a court may 'replace' appointed counsel with 'similarly qualified counsel ... upon motion' of the petitioner").

## III. SHOWING OF GOOD CAUSE

Mr. Renteria submits there is good cause to replace Ms. Pumarejo with the Federal Defender's Capital Habeas Unit ("CHU"). As set out above, the Fifth Circuit permitted Ms. Pumarejo to withdraw due to her current employment. Exs. A & B. Currently, Mr. Renteria is represented by one attorney who works in a small firm in Pennsylvania.

The Judicial Conference's Guidelines for the Administration of the Criminal Justice Act ("CJA Guidelines"), state, "Due to the complex, demanding, and protracted nature of death penalty proceedings, judicial officers should consider appointing *at least two* attorneys"

in capital habeas cases. Guide to Judiciary Policy, Guidelines for Administering the CJA and Related Statutes, Vol. 7A, Ch. 6, § 620.10.20 (emphasis added).

Federal habeas courts in Texas have granted motions to appoint Texas CHUs as co-counsel in cases similarly situated to this one. For example, the Western District CHU was appointed as co-counsel with out-of-state counsel after the conclusion of review in the Fifth Circuit in *Barbee v. Davis*, TXND No. 4:09-cv-00074-Y, ECF No. 102 (Order filed June 24, 2019), and for remand proceedings in *Panetti v. Davis*, TXWD No. 1:04-cv-00042-RP, ECF No. 202 (Order filed Apr. 4, 2018). In *Fratta v. Davis*, TXSD No. 4:13-cv-3438, ECF No. 101 (Order filed Dec. 10 2018), the CHU was appointed co-counsel with in-state counsel after the conclusion of proceedings in the Fifth Circuit. The Fifth Circuit appointed the CHU co-counsel with out-of-state counsel in *Lucio v. Davis*, CA5 No. 16-70027 (Order filed Mar. 29, 2018), and with in-state counsel in *Halprin v. Davis*, CA5 No. 17-70026 (Order filed Feb. 8, 2018).

The CHU was authorized by the Fifth Circuit in May 2017, and began operations in November 2017. Currently, the CHU employs three assistant federal defenders, three additional attorneys, two investigators, and two paralegals. Its funding permits it to retain experts and additional help from outside investigators and paralegals. Therefore, appointing the CHU will entail no additional budgeting, hiring approval, or voucher review by this Court.

Each attorney in the CHU has years of capital habeas corpus experience. The supervising attorney, who will be co-counsel in this case, has more than 20 years' experience with capital cases in federal court, including trials, appeals, motions under 28 U.S.C. § 2255, and § 2254 cases like this one. Counsel's contact information is

Tivon Schardl
Supervisory Assistant Federal Defender
Federal Defender Office
919 Congress, Suite 950
Austin, Texas 78701
Tel. 737-207-3008
Fax 512-499-1584
tivon_schardl@fd.org

## IV. CERTIFICATE OF CONFERENCE

On July 29, 2020, undersigned counsel conferred with counsel for Respondent, Deputy Attorney General Jay Clendenin, who authorized Petitioner to state that Respondent does not oppose the relief sought in this Motion.

## V.  CONCLUSION

For the foregoing reasons, Mr. Renteria respectfully requests this Court enter the attached proposed order appointing the Federal Public Defender, Capital Habeas Unit, as co-counsel in this case.

///

///

///

///

///

///

///

///

DATED:  July 29, 2020                    Respectfully submitted,

                                         */s/ Michael Wiseman*[1]
                                         MICHAEL WISEMAN
                                         Wiseman & Schwartz, LLP
                                         718 Arch Street, Suite 702
                                         Philadelphia, PA 19106
                                         Tel. 215-450-0903
                                         wisemana@wisemanschwartz.com

                                         MAUREEN FRANCO
                                         FEDERAL PUBLIC DEFENDER

                                         */s/Tivon Schardl*
                                         TIVON SCHARDL
                                         Capital Habeas Unit Chief
                                         Fla. Bar No. 73016
                                         Federal Defender Office
                                         919 Congress, Suite 950
                                         Austin, Texas 78701
                                         737-207-3007 (tel.)
                                         512-499-1584 (fax)
                                         tivon_schardl@fd.org

                                         Attorneys for Petitioner

---

[1] The Clerk sent Mr. Wiseman a notice that his admission to practice *pro hac vice* expired after the conclusion of proceedings in the Fifth Circuit. That appears to be an error. The statute under which Mr. Wiseman was appointed, 18 U.S.C. § 3599, expressly requires that he continue as counsel through any subsequent proceedings, including executive clemency, 18 U.S.C. § 3599(e), and the Supreme Court confirmed that requirement in *Harbison v. Bell*, 556 U.S. 180, 185-186 (2009).

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of July 2016, I electronically filed the foregoing Unopposed Motion to Appoint as Co-Counsel the Federal Public Defender, Capital Habeas Unit with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

_/s/ Tivon Schardl_
TIVON SCHARDL

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

EL PASO DIVISION

| | | |
|---|---|---|
| DAVID SANTIAGO RENTERIA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CAUSE NO. 3:15-cv-00062-FM |
| | § | |
| LORIE DAVIS, Director, Texas | § | |
| Department of Criminal Justice, | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

# O R D E R

On this date came on to be considered Petitioner's Unopposed Motion to Appoint as Co-counsel the Federal Public Defender, Capital Habeas Unit. The Court, after considering same, is of the opinion that said motion should be **GRANTED**. Accordingly, it is **ORDERED** that the Federal Public Defender, Maureen Franco, specifically her Capital Habeas Unit, is appointed as co-counsel for Petitioner David Santiago Renteria.

Signed this _____ day of August 2020.

_____

FRANK MONTALVO